IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph English, ) | Case No.: 5:23-cv-991-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Spartanburg County Detention Center, ) | |
| Chuck Wright, Spartanburg County ) | |
| Sheriff; and Spartanburg County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 22.) Plaintiff Joseph English ("Plaintiff" or "English"), a pre-trial detainee incarcerated in the Spartanburg County Detention Center proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants Spartanburg County Detention Center, Chuck Wright, Spartanburg County Sheriff, and Spartanburg County (collectively "Defendants") alleging, among other things, that detainees are housed too closely with four men in a cell meant for two and that they are locked up excessively for 22 hours per day. (DE 1.)

On April 18, 2023, the Court issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

claim. (DE 16.) The Order further advised Plaintiff that he had until May 9, 2023, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. (Id.) Plaintiff failed to file an amended complaint or cure the identified deficiencies within the time provided.

The Report and Recommendation was issued on May 30, 2023, recommending Plaintiff's case be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to comply with a court order. (DE 22.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 22) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice and without issuance and service of process for failure to comply with a court order pursuant to Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED**.

                                                      Joseph Dawson, III
                                                     United States District Judge

Florence, South Carolina
July 24, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.